UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

 WENDY GROUND and JOAN LORENZO,

                                    Plaintiffs,

        v.                                                            Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                                    Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.  This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3.  Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4.  Plaintiffs, Wendy Ground and Joan Lorenzo, are natural persons residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.  Defendant, NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6.  Defendant regularly attempts to collect debts alleged to be due another.

7.  The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

1

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff, Wendy Ground, incurred a debt to National Fuel.  This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by National Fuel to collect on the subject debt.

13. That in or about the beginning of  May of 2011, Defendant began calling Plaintiff, Joan Lorenzo, multiple times per week in an attempt to collect on the subject debt of Plaintiff, Wendy Ground.

14. That Defendant left multiple messages on Plaintiff Joan Lorenzo's residential answering machine for Plaintiff Wendy Ground.

15. That Plaintiff, Joan Lorenzo, called the Defendant and informed Defendant that Plaintiff, Wendy Ground, does not live there and to not call her anymore and to remove her telephone number.

16. That Plaintiff Joan Lorenzo's request, Defendant again called Plaintiff Joan Lorenzo and stated they "would continue to call until she provided them with Wendy's phone number".

17. That during the afore-mentioned conversations with the Defendant and telephone messages left by the Defendant, Defendant disclosed to Plaintiff Joan Lorenzo that Plaintiff Wendy Ground owed a debt.

18. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2) and 15 U.S.C. §1692b(3) by contacting Plaintiff, Joan Lorenzo, on more than one occasion, after Defendant was informed that Plaintiff Wendy Ground did not reside at that telephone number, and while also disclosing to Plaintiff Joan Lorenzo that Defendant was attempting to collect a debt from Plaintiff Wendy Ground.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff Joan Lorenzo's telephone to ring with the intent to annoy, abuse or harass.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 19, 2011

          /s/ Seth J. Andrews_____
          Seth J. Andrews, Esq.
          Law Offices of Kenneth Hiller, PLLC
          *Attorneys for the Plaintiff*
          6000 North Bailey Ave., Suite 1A
          Amherst, NY 14226
          (716) 564-3288
          Email: khiller@kennethhiller.com
                  sandrews@kennethhiller.com